IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| RUTH FONTENOT and RICHARD BENJAMIN, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION No. 1:15CV234 |
| v. | § § | JUDGE MARCIA A. CRONE |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

**DEFENDANT UNITED STATES OF AMERICA'S
RULE 41(b) MOTION TO DISMISS FOR
FAILURE TO PROSECUTE AND FAILURE
TO COMPLY WITH RULES AND COURT ORDERS**

Defendant United States of America ("USA") moves for dismissal pursuant to Rule 41(b) for failure to prosecute and failure to comply with the Court's Scheduling Order and the Federal Rules of Civil Procedure.

**INTRODUCTION**

Plaintiffs have blatantly and without explanation completely ignored the deadlines set forth in the Court's Scheduling Order, as well as the mandatory discovery provisions as set forth in the Federal Rules of Civil Procedure. This is not a case where the plaintiffs have filed disclosures that are incomplete or are a few days late. This is a case where the plaintiffs have completely failed to prosecute their case, have failed to comply with any deadline or disclosure provisions, and as a result, are unable to satisfy their burden of proof in this case.

## PROCEDURAL BACKGROUND

1. Plaintiffs bring this Federal Tort Claims Act ("FTCA") case against the USA, alleging that a United States Postal Service ("USPS") driver ran a stop sign and caused an accident on June 29, 2014, for which plaintiffs seek damages.  [Doc 1: Complaint].

2. Counsel for parties conducted a Rule 26(f) conference on October 6, 2015. [Doc 4: Joint Conference Report].

3. The deadline for initial disclosures was on or before October 20, 2015 (at or within 14 days of the parties' Rule 26(f) conference).  F.R.C.P. (a)(1)(C).

4. USA provided its initial disclosures to plaintiffs on October 19, 2015, and filed notice of same with the Court.  [Doc. 6: USA's Notice of Rule 26 Initial Disclosure].

5. Plaintiffs have failed to file any initial disclosures.

6. The Court entered a Scheduling Order on November 3, 2015.  [Doc 8: Scheduling Order].

7. Pursuant to the Scheduling Order, the deadline for plaintiffs' designation of experts was March 25, 2016.  [Id].

8. Plaintiffs have failed to designate any experts.

9. The deadline for USA's designation of experts was April 22, 2016.  [Doc 8: Scheduling Order].

10. USA provided its expert disclosure to plaintiffs on April 21, 2016, and filed notice of same with the Court. [Doc 9: USA's Notice of Expert Disclosure].

11. The discovery deadline was July 15, 2016. [Doc 8: Scheduling Order]. Plaintiffs have failed to conduct or engage in any discovery in this case.

12. The Joint Pre-Trial Order is due on October 21, 2016. Plaintiffs have failed to provide their portion of the pre-trial order to defendant as of the time of this filing.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b). The court's authority in this regard stems from its inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Hickman v. Fox Television Station, Inc.* 231 F.R.D. 248, 252 (S.D. Tex. 2005), *citing, Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be either with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is proper if the record shows the plaintiff engaged in purposeful delay or contumacious conduct and the imposition of lesser sanctions would either be futile or not in the best interest of justice. *Dorsey v. Scott Wetzel Servs, Inc.*, 84 F.3d 170, 171 (5th Cir. 1996).

## **ARGUMENT & AUTHORITIES**

Since plaintiffs' counsel's appearance at the Scheduling Conference on November 3, 2015, plaintiffs have taken no further action in this case for the past year. Plaintiffs failed to provide initial disclosures as required by Rule 26 and within the deadline set forth in the Court's Scheduling Order. Plaintiffs failed to designate experts pursuant to Rule 26 and within the deadline set forth in the Court's Scheduling Order. Plaintiffs have failed to engage in any discovery, disclose the name and identities of any witnesses, or disclose any evidence or documents in support of their claims. Plaintiffs are without any expert testimony to support claims of causation and damages regarding their alleged injuries. Plaintiffs have provided no explanation as to any of these deficiencies.

Dismissal with prejudice is appropriate in this case. Plaintiffs have failed to participate or explain their lack of participation in this case for the past year. While short delays in a case are normal and thus, generally tolerated by courts, delays in proceedings that last for more than one year and effectively cause the action to come to a standstill are entirely unacceptable because they clog the docket, subvert the court's efficiency, and unnecessarily waste judicial resources. *Hickman,* 231 F.R.C. at 253. Hence, the federal courts are vested with the inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Id.* This inherent authority necessarily includes the power of a court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders. *Id.*

Further, the imposition of lesser sanction would be futile, as Plaintiffs' complete failure to disclose, designate experts, and engage in discovery makes it impossible to satisfy their burden of proof at trial. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at trial, unless the failure was harmless or substantially justified. FED. R. CIV. P. 37(c)(1).

Finally, Plaintiff's unexplained non-participation in this lawsuit has clearly prejudiced defendant, as it is impossible to prepare a case for trial without any designation of witnesses or evidence, or any participation at all, by the opposing side. To allow Plaintiffs to develop their case now, on the eve of trial, after such blatant disregard for the federal rules and this court's docket, would not be in the interests of justice.

Defendant requests that this case be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b).

    Respectfully submitted,

    BRIT FEATHERSTON
    ACTING UNITED STATES ATTORNEY

    */s/ Andrea L. Parker*_____
    ANDREA L. PARKER
    Assistant United States Attorney
    Texas Bar No. 00790851
    350 Magnolia Avenue, Suite 150
    Beaumont, Texas 77701-2237
    Tel:   (409) 839-2538
    Fax:  (409) 839-2643
    Email: andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2016, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*_____
ANDREA L. PARKER
Assistant United States Attorney
